JUDGE JONES

**10 CIV 5173**

**WANCHOO LAW OFFICES, LLP**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (646) 355-0244
E-mail: rwanchoo@wanchoolaw.com


RECEIVED JUL 07 2010 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MS "CAPE RAY" SCHIFFAHRTS GMBH & CO. KG,    ECF CASE

                Plaintiff,    10 CV ____ (    )

      - against -    **VERIFIED COMPLAINT**

TRANSFIELD ER CAPE LIMITED,

                Defendant.

-------------------------------------------------------------X

Plaintiff, MS "CAPE RAY" SCHIFFAHRTS GMBH & CO. KG, ("Plaintiff"), by its attorney, WANCHOO LAW OFFICES, LLP alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation organized and existing under and by virtue of the laws of the Federal Republic of Germany, and is the

owner of M.V. CAPE RAY (the "Vessel"), a bulk carrier of about 177,000 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, TRANSFIELD ER CAPE LIMITED ("Defendant") was and now is a foreign corporation organized and existing under and by virtue of the laws of the British Virgin Islands with an address in care of a corporate agent Portecullis Trustnet (BVI) Ltd., Ellen Skeleton Building, 4th Floor, Road Town, Tortola, British Virgin Islands, and is the charterer of the Vessel. Transfield, although having previously registered to do business in New York, recently revoked its registration as well as its agent for service of process, and thus has no presence in the Southern District of New York.

## FACTS GIVING RISE TO CLAIM

4. On or about January 9, 2007, a time charter party (the "Charter") was made between Geden Lines, Istanbul, Turkey ("Geden") as owner of the Vessel, and Defendant as charterer, whereby Defendant chartered the Vessel for the carriage of lawful non-dangerous bulk cargo for a period of minimum 42 months and maximum 44 month.

5. Clause 37 of the Charter provided that Defendant shall pay for the use and hire of the Vessel at the rate of $44,736.84.00 per day payable every 15 day in advance. The Charter further provided that if the payment of hire is delayed, owner to give charterer "3 (three) working days grace before being entitled to enforce their right for hire."

6. Pursuant to an addendum to the Charter dated September 18, 2007 it was mutually agreed that Geden would be substituted for Private Shipping Ltd. Valetta ("Private"), as owner and that Charter terms pertaining to duration and rate of hire amongst others would remain

unaltered. A true and correct copy of the Charter dated January 9, 2007 along with Addendum Nos. 1 and 2 is annexed hereto as **Exhibit 1.**

7. Pursuant to a Memorandum of Agreement dated October 5, 2007 (the "MOA") Farwest Shipping Ltd., Majuro, Marshall Islands ("Farwest") agreed to buy the Vessel from Private and the parties entered into a Novation Agreement whereby it was agreed that the Vessel shall continue to be chartered by the Defendant who would be bound by the Charter in all respects including the payment of hire to Farwest. A true and correct copy of the Novation Agreement which is undated is annexed hereto as **Exhibit 2.**

8. Plaintiff in turn agreed to buy the Vessel from Farwest and the parties entered into a Novation Agreement whereby it was agreed that the Vessel shall continue to be chartered by the Defendant who would be bound by the Charter in all respects including the payment of hire to Plaintiff. A true and correct copy of the Novation Agreement dated January 24, 2008 is annexed hereto as **Exhibit 3.**

9. On or about October 1, 2007, a second time charter party (the "Charter Extension") was made between, Plaintiff as owner of the Vessel, and Defendant as charterer for a further period of 15 months following the expiration of the first Charter, which would have expired on or about May 27, 2011. The Charter Extension provided that Defendant shall pay for the use and hire of the Vessel at the rate of $42,000.00 per day payable every 15 day in advance. A true and correct copy of the Charter Extension dated October 1, 2007 is annexed hereto as **Exhibit 4.**

10. On or about May 27, 2010 Defendant wrongfully deducted $375,679.58 from the 37th and 38th hire payments. Despite several attempts by Plaintiff to contact the Defendant

regarding the unsupported and wrongful deductions from hire, Defendant has failed to provide any explanation and/or neglected to pay the $375,679.58 in breach of its obligations under the Charter.

11. On or about June 5, 2010 Plaintiff advised the Defendant that unless the outstanding hire was received in full within three working days, Plaintiff will exercise its rights under the Charter to withdraw the Vessel from the service of the Defendant. On June 7 Plaintiff advised Defendant that if the outstanding hire was not received by June 10 Plaintiff will accept Defendant's non-payment of full hire as a repudiatory breach and terminate the Charter. Failing receipt of the outstanding hire within three working days, on June 10, 2010 Plaintiff accepted Defendant's repudiatory breach and terminated the Charter. True and correct copies of Plaintiff's email notices to the Defendant dated June 5, 7 and 10, 2010 are annexed hereto as **Exhibit 5.**

12. On June 21, 2010 Plaintiff's English solicitors sent a notice of default and demand for payment to the Defendant for the outstanding hire in the amount of $375,679.58, together with Plaintiff's estimated damages with respect of the balance of the Charter and the Charter Extension in the amount of $12,017,800, or a total sum due of $12,393,479.58. A true and correct copy of Holman Fenwick Willan's letter dated June 21, 2010, along with Plaintiff's claim statement are annexed hereto as **Exhibit 6.** By reason of the premises, Plaintiff has sustained damages in the amount of $12,393,479.58 as best as can presently be calculated.

13. Clause 69 of the Charter provides that all disputes arising out of or relating to the contract where the total claim <u>does not</u> exceed $100,000 shall be referred to arbitration in London with English law. There is no forum selection clause for claims in excess of $100,000. Plaintiff will commence either arbitration or litigation in a suitable forum shortly.

14. In addition to its principal claim, Plaintiff is entitled to and would receive interest calculated at rate of 6% compounded quarterly for an estimated period of 24 months between the termination of the Charter and Charter Extension and the enforcement of an arbitration award or judgment or about $1,567,683.

15. Plaintiff's total claim against Defendant for which it seeks security herein is $13,961,162.58 ($12,393,479.58 + $1,567,683).

16. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

18. Plaintiff's investigation reveal that Defendant has property located within this District, specifically funds in an escrow account at JPMorgan Chase (the funds held in connection with another action filed by Front Carriers against Defendant Transfield bearing Civil Action No. 07 Civ. 6333 (RJS)) and/or in the possession or control of the attorneys handling that action including but not limited to Holland & Knight, Chalos, O'Connor & Duffy and/or Lennon, Murphy, Caulfield & Phillips, which, if released, will be promptly removed from the jurisdiction by the Defendant and placed beyond the reach of its creditors, such as Plaintiff.

19. Based on the foregoing, Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of the Defendant

held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE,** the Plaintiff prays the following:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all the matters alleged in the Verified Complaint.

B.  That since the Defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form, including, but not limited to, any cash, funds, escrow funds, credits, debts, or securities within the possession, custody or control of JP Morgan Chase Bank, including but not limited to funds held in escrow in connection with Civil Action No. 07 Civ. 6333 (RJS), which is due and owing to the Plaintiff, in the amount of **$13,961,162.58** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint.

C.  That this Court recognize and confirm any arbitration award or judgment rendered on Plaintiff's claims herein as a Judgment of this Court.

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
July 7, 2010

                                     **WANCHOO LAW OFFICES, LLP**
                                     Attorneys for Plaintiff
                                     MS "CAPE RAY" SCHIFFAHRTS GMBH & CO. KG

By: _____*Rahul Wanchoo*_____
       Rahul Wanchoo

# VERIFICATION

STATE OF NEW JERSEY )
                          ss.
COUNTY OF BERGEN    )

I, Rahul Wanchoo, being duly sworn, deposes and says:

1. I am an attorney at law and a member of the firm of Wanchoo Law Offices, LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification is made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 7th day of July, 2010.

_____
Notary Public

HICKSON P. KORE
ID # 2377209
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/26/2013